# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JEFFERY BELL                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO.: 4:17-CV-47-SA-JMV

ANTONIO COLEMAN, and
WHOLESALE GLASS DISTRIBUTORS, INC.                                                  DEFENDANTS

## MEMORANDUM OPINION

This case arises out of a vehicular accident on U.S. Highway 61 in Bolivar County, Mississippi on April 6, 2017. The accident involved three vehicles driven in turn by Jeffery Bell, Raymond Huerta, and Antonio Coleman. Wholesale Glass Distributors is Coleman's employer and the lessee of the vehicle he was driving. Jeffery Bell filed this case seeking damages for injuries he sustained in the accident, premising federal jurisdiction on diversity of citizenship.

Now before the Court are three summary judgment motions. First, Plaintiff Bell requests partial summary judgment in his favor as to the liability of Coleman and Wholesale Glass. *See* Motion [73]. Second, the Defendants request summary judgment in their favor as to punitive damages. *See* Motion [75]. Finally, the Defendants request summary judgment in their favor as to the negligence *per se* of Bell and Huerta. *See* Motion [77].

*Preliminary Matters – Timeliness of Filings*

The Plaintiff failed to file a timely response to either of the Defendants' motions for summary judgment, and wholly failed to file a reply in support of his own motion for summary judgment. *See* L. U. CIV. R. 7(b); FED. R. CIV. P. 6. The Plaintiff also failed to request any extensions of time or leave to file his responses out of time. *See id*. For these reasons, and because the Plaintiff has not brought forth any evidence or argument as to his "excusable neglect" or "good cause" for missing the deadlines, the Court strikes the Plaintiff's responses [80, 81] as untimely

and they will not be considered by the Court. *See Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (citing *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006)).

*Factual and Procedural Background*

Just before noon on April 6, 2017 Bell was driving south on U.S. Highway 61 in Bolivar County Mississippi. In this area, Highway 61 is a four-lane road with a grass median and two lanes in each direction. Bell was driving a SkyTrak construction vehicle in the right lane.[1] Huerta was following Bell in a Ram 3500 pickup truck as an escort. Huerta estimates that the pair of vehicles was traveling at approximately 10-15 miles per hour. The Parties dispute whether Huerta had his hazard flashing lights illuminated, and whether the SkyTrak had a reflective, slow-moving vehicle sign. At the same time, Coleman, further north, was driving in the same southbound direction in a 2013 International truck leased by his employer Wholesale Glass.

Huerta noticed Coleman approaching from behind in his rearview mirror and veered off the road to the right. Coleman's vehicle clipped the rear of Huerta's vehicle, and the impact forced Huerta's vehicle from the road. Coleman's vehicle continued southbound and struck the rear of the SkyTrak driven by Bell. Bell was ejected from the SkyTrak and injured.

According to Coleman, he only saw Huerta's Ram truck when he was within about 50 feet. Also according to Coleman, he could not see the SkyTrak until Huerta veered off to the right. The uniform crash report completed by the Mississippi Highway patrol states that Coleman was traveling at approximately 45 miles per hour at the time of the crash. In his deposition Coleman estimated that he was traveling between 55 and 60 miles per hour. The speed limit in this area is 55 miles per hour.

---

[1] SkyTrak is a trade name for a fairly large four wheeled construction vehicle with an extendable boom and forklift.

*Standard of Review*

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (*citing Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Liability and Negligence Per Se*

The Plaintiff and the Defendants both filed motions for partial summary judgment pertaining to fault and causation. The Plaintiff requests that the Court find that Coleman committed acts of negligence *per se* and hold him solely liable for the accident.[2] The Defendants request that the Court find that both Coleman and Huerta committed acts of negligence *per se* and that these acts were contributing causes to the accident.

Negligence *per se* is only applicable when the relevant duty or standard of care is set by statute or ordinance. *See Elliott v. Mgmt. & Training Corp.*, No. 316-CV-MPM, 2017 WL 3089693, at *12 (N.D. Miss. July 19, 2017) (citing *Dougherty v. Santa Fe Marine, Inc.*, 698 F.2d 232, 234 (5th Cir. 1983) ("When the doctrine of negligence *per se* applies, the general standard of care of a reasonable man is replaced by a specific rule of conduct established *in a statue or regulation.*") (emphasis added)).

The Plaintiff's argument is that Coleman caused the accident while violating two separate Mississippi Statutes. First, the Plaintiff alleges that Coleman failed to keep a proper lookout in violation of MISS. CODE. ANN. § 63-3-619, and second was travelling at an excessive speed in violation of MISS. CODE. ANN. § 63-3-503.

The Defendants argue that Coleman was not the sole cause of the accident and that both Bell and Huerta were contributing causes. The Defendants further argue that Bell and Huerta were traveling below the minimum speed in violation of MISS. CODE. ANN. § 63-3-509(1); operating the

---

[2] A showing of negligence *per se* alone does not satisfy the requisite showing of causation in a negligence claim. *See Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-CV-57-GHD, 2017 WL 3537594, at *3 (N.D. Miss. Aug. 15, 2017) (citing *Williams ex rel. Raymond v. Wal–Mart Stores E., L.P.*, 99 So. 3d 112, 116 (Miss. 2012) (internal quotation marks and citation omitted) ("a finding of negligence *per se* is not equivalent to a finding of liability *per se*. Plaintiffs in negligence *per se* cases must still establish causation in fact, legal cause, and damages."); *Gulledge v. Shaw*, 880 So. 2d 288, 293 (Miss. 2004) (citing *Jackson v. Swinney*, 244 140 So. 2d 555, 557 (Miss. 1962) ("To recover, a plaintiff must prove causation in fact and proximate cause.")).

SkyTrak on the highway in violation of MISS. CODE. ANN. § 63-5-9(f); and failing to display a slow-moving vehicle emblem or reflectors in violation of MISS. CODE. ANN. § 63-7-1.

Although the Parties do cite to a few arguably relevant cases in their briefing, the vast majority of the briefing is devoted to disputing the facts of the allegedly *per se* negligent acts. The depositions of Huerta and Coleman, and the crash report from the highway patrol offer completely different and opposing versions of the events particularly with regard to the speed of the three vehicles, whether the Ram truck's hazard lights were turned on, and whether there was a slow-moving vehicle emblem on the ram or the SkyTrak.[3] Because each of these disputed facts directly underlie the determination of whether each of these individuals was negligent *per se* the Court cannot make such a determination without weighing the credibility of the different accounts. As noted above, such credibility weighing is inappropriate in the summary judgment context. *See Cuadra*, 626 F.3d at 812; *Deville*, 567 F.3d at 164. For these reasons, the Court finds that genuine issues of material fact exist as to the negligence *per se* of Bell, Huerta, and Coleman. The Plaintiff's Motion for Partial Summary Judgment as to Liability [73] is denied. Likewise, the Defendants Motion for Partial Summary Judgment as to Negligence *Per Se* [77] is also denied.

*Punitive Damages*

The Defendants filed a separate Motion for Summary Judgment [75] on punitive damages. Specifically, the Defendants request that the Court dismiss the Plaintiff's claim for punitive damages arguing that the Plaintiff cannot point to any conduct by the Defendants that rises to the requisite level to warrant punitive damages.

Under Mississippi law, a plaintiff seeking punitive damages must meet a high standard; the punitive damages statute states that "[p]unitive damages may not be awarded if the claimant does

---

[3] There is no deposition from Bell in the record.

not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. §11–1–65(1)(a).

The Plaintiffs argue that Defendant Bell acted with reckless disregard by failing to keep a lookout and failing to avoid the accident. Addressing the failure to act in the context of wanton or reckless disregard, the Mississippi Supreme Court has held "wantonness is a failure or refusal to exercise *any* care, while negligence is a failure to exercise *due* care." *Maye v. Pearl River Cty.*, 758 So. 2d 391, 395 (Miss. 1999) (citing *Beta Beta Chapter of Beta Theta Pi v. May*, 611 So. 2d 889, 895 (Miss. 1992) (quoting *Covington v. Carley*, 197 Miss. 535, 541-42, 19 So. 2d 817, 818 (1944)) (emphasis added).

Because the same factual disputes that underlie the issues of negligence and liability outlined above underlie the question of whether Defendant Bell failed or refused to "exercise any care," the Court finds that a ruling on punitive damages as to Defendant Bell is premature at this time. *See id*; *see also Cuadra*, 626 F.3d at 812; *Deville*, 567 F.3d at 164. Should this case proceed to trial and should the jury award compensatory damages, the Court will consider the issue of punitive damages consistent with Mississippi law. *See* MISS. CODE ANN. § 11-1-65; *Bradfield v. Schwartz*, 936 So. 2d 931, 938–39 (Miss. 2006); *Robinson v. Nationwide Mut. Fire Ins. Co.*, No. 4:11-CV-103-MPM, 2013 WL 12187498, at *5 (N.D. Miss. Jan. 15, 2013).

As to the Plaintiff's claim for punitive damages against Defendant Wholesale Glass, the Court notes that punitive damages are not available in Mississippi on the basis of vicarious liability. *See Littlejohn v. Werner Enterprises, Inc.*, No. 1:14–CV–44–SA–DAS, 2015 WL 3484651 (N.D. Miss. June 2, 2015) (gathering cases); *see also* Miss. Code. Ann. §11–1–65. Therefore, any

punitive damages claim the Plaintiff may have in this case against Defendant Wholesale Glass on the basis of vicarious liability is dismissed.

Thus, the Defendants' Motion for Summary Judgment [75] on punitive damages is granted in part and denied in part. The Defendants' motion is denied without prejudice as to the Plaintiff's claim against Defendant Bell and granted as to the Plaintiff's claim based on vicarious liability against Defendant Wholesale Glass.

*Conclusion*

For all of the reasons fully explained above, the Plaintiff's Motion for Partial Summary Judgment as to Liability [73] is DENIED.

The Defendants Motion for Partial Summary Judgment as to Negligence *Per Se* [77] is DENIED.

The Defendants' Motion for Summary Judgment [75] on punitive damages is GRANTED in PART and DENIED in PART. The Defendants' motion is denied without prejudice as to the Plaintiff's claim against Defendant Bell and granted as to the Plaintiff's claim based on vicarious liability against Defendant Wholesale Glass.

It is SO ORDERED, on this the 25th day of June, 2018

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE